UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

JONATHAN ROBERT SAPP                                          PLAINTIFF

v.                                               CIVIL ACTION NO. 4:18-CV-P153-JHM

DAVIESS COUNTY DETENTION CTR.                           DEFENDANT

## MEMORANDUM OPINION

This is a *pro se* prisoner civil rights action brought pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening of Plaintiff's amended complaint (DN 7) pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, this action will be dismissed.

## I. PROCEDURAL HISTORY

Plaintiff filed his initial complaint on September 17, 2018, naming the Daviess County Detention Center (DCDC) as the only Defendant. In the complaint, Plaintiff made several serious allegations concerning his medical care and diet at DCDC. The Court conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915A in a Memorandum Opinion and Order entered on October 3, 2018. In the Order, the Court dismissed Plaintiff's claims against DCDC for failure to state a claim upon which relief may be granted but allowed Plaintiff the opportunity to amend his complaint to name as Defendants any individuals who allegedly violated his rights. The Court instructed Plaintiff that he should sue any newly named Defendants in their individual capacities and specifically describe how each Defendant has or continues to violate his constitutional rights, including such details as which Defendant purportedly did what and when. Plaintiff has now filed an amended complaint, and it is that which is before the Court for review.

## II. SUMMARY OF AMENDED COMPLAINT

Plaintiff indicates that he is a pretrial detainee at DCDC. He names four DCDC officials as Defendants – Major Jack Jones and three guards, Sean Longest, Thomas Payne, and Nick Tierney.[1] Plaintiff also names Chauncey Martin, another inmate at DCDC, as a Defendant in this action.

In the amended complaint, Plaintiff first restates the allegations he set forth in his original complaint. He writes:

> I wasn't receiving medical care or receiving inadequate medical care for the following symptoms, and or conditions, hearing loss, headaches, an ear infection, blood in urine, kidney infection, signs of kidney failure, significant weight loss, severe pain, and a broken tooth, and a bad back and spine troubles and sleeping on the floor. I also suffer from severe mental depression, and have the feeling of harmful reason to die, have been having bad chest pains. The jail is killing me slowly, and nothing I can do about it. I also make additional allegations concerning my diet.

Plaintiff then makes the following new allegations in his amended complaint:

> I was assaulted by a state inmate, and I'm a county inmate. That was in the same cell. He is already in on violent charges, and is a violent inmate. And very dangerous, seek his records . . . on October 1, 2018, [the other inmate] assaulted me physically and brutally when I wasn't looking, punched me in the mouth, which I didn't NOT fight back and busted my mouth and broke out my tooth, and tore my lip in 3 places, and made my tooth go through my lip, which the jail nurse didn't give me anything but 2 ibuprofen, but I bleed for two days and should've went to the emergency room and got stitches in two places, but the jail wouldn't do it. The nurse tried to tape it up but didn't work, and til this day, they still haven't done anything about it, but looked at it, and rejected me anything for pain everytime. I still need to see a dentist, after 4 months also, on the other teeth needed to seen for. I been on the list. I asked to press charges and [Defendant] Jack Jones told me there in his office, I didn't have enough evidence. [Defendant] Sean Longest was a witness and the guard on duty and could testify on my behalf. I didn't fight back, because my injury was too severe. And I didn't do anything wrong.

---

[1] The Court instructed Plaintiff to sue any newly-named Defendants in their individual capacities in his amended complaint. However, it appears from the boxes checked by Plaintiff on the second amended complaint that he only sues the DCDC official in their official capacities. Nonetheless, because Plaintiff is proceeding *pro se* and the amended complaint is ambiguous as to some Defendants, the Court will address Plaintiff's claims against the DCDC Defendants as if had sued all of them in both their official and individual capacities.

As relief, Plaintiff seeks damages.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the dist rict court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Official-Capacity Claims

Plaintiff indicates that he is bringing this action against four DCDC officials in their official capacities. "Official-capacity suits. . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159,

4

166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against the DCDC Defendants are actually against their employer, which is Daviess County. *See, e.g.*, *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not claim that any alleged violation of his constitutional rights was the result of a policy or custom implemented or endorsed by Daviess County. Accordingly, the Court will dismiss Plaintiff's official-capacity claims against the DCDC Defendants for failure to state a claim upon which relief may be granted.

5

## B. Individual-Capacity Claims

While the Eighth Amendment provides an inmate the right to be free from cruel and unusual punishment, it is the Due Process Clause of the Fourteenth Amendment that provides the same protections to pretrial detainees. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Richko v. Wayne Cty.*, 819 F. 3d 907, 915 (6th Cir. 2016)). "The Sixth Circuit has historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Id*. (quoting *Villegas v. Metro Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)). Indeed, at this time, the only explicit exception in the Sixth Circuit to the general rule that rights under the Eighth Amendment are co-extensive with rights under the Fourteenth Amendment pertains to excessive-force claims brought by pretrial detainees. *Id*. at 938 n.3 (recognizing that *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), abrogated the subjective intent requirement for Fourteenth Amendment excessive-force claims and that the standard which governs pretrial detainee claims may be shifting, but declining to apply the *Kingsley* standard to a pretrial detainee deliberate indifference to a serious medical need claim); *see also Walker v. Miller*, No. 18-3209, 2018 U.S. App. LEXIS 29348 (6th Cir. Oct. 17, 2018) (continuing to apply the traditional standard to a deliberate indifference to a serious medical need claim brought by a pretrial detainee).

### 1. Deliberate Indifference to a Serious Medical Need

To establish an Eighth Amendment violation premised on inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l Psychiatric Hosp*., 286 F.3d 834 (6th Cir. 2002). "'Deliberate indifference' by prison officials to an inmate's serious medical

needs constitutes 'unnecessary and wanton infliction of pain' in violation of the Eighth Amendment's prohibition against cruel and unusual punishment." *Miller v. Calhoun Cty.*, 408 F.3d 803, 812 (6th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. at 104).

In his amended complaint, Plaintiff has again set forth several allegations regarding his serious health conditions and the lack of medical care that he has received at DCDC. However, as noted above, the Court instructed Plaintiff in its initial review of his original complaint that he had to name as Defendants any individuals who allegedly violated his rights in his amended complaint, sue them in their individual capacities, and specifically describe how each newly named Defendant has violated his constitutional rights. "It is axiomatic that a complaint under 42 U.S.C. § 1983 must show a causal connection between the named defendants and the alleged constitutional deprivation . . . ." *Cox v. Barksdale*, 810 F.2d 200, 1986 U.S. App. LEXIS 33615, at *2 (6th Cir. Nov. 13, 1986) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982)). Indeed, the specific facts of the complaint must explain how the defendants are personally responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). And while the Court has a duty to construe *pro se* complaints liberally, a *pro se* plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation).

Plaintiff's amended complaint fails to explain how any DCDC Defendant was personally responsible for the denial of medical care to Plaintiff. Thus, Plaintiff's claims for deliberate

indifference to a serious medical need must be dismissed for failure to state a claim upon which relief may be granted.

### 2. Deliberate Indifference to Safety

Based upon the new allegations regarding being attacked by another inmate, the Court construes the amended complaint as asserting a claim for deliberate indifference to Plaintiff's safety, also known as a "failure-to-protect claim."

The Eighth Amendment imposes a duty on corrections officers to take reasonable measures "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. at 832 (citation omitted). However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. Rather, to maintain an Eighth Amendment claim based on a failure to prevent harm, an inmate must prove both an objective and subjective component. *Id.* With regard to the objective component, the plaintiff "must show that he [was] incarcerated under conditions posing a substantial risk of serious harm." *Id.* The subjective component requires the plaintiff to prove that the defendant acted with "deliberate indifference" to that risk. *Id.* "Deliberate indifference is a state of mind akin to criminal recklessness: the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Hamilton v. Eleby*, 341 F. App'x 168, 171 (6th Cir. 2009) (internal quotation marks and citations omitted).

Indeed, as the Court of Appeals for the Seventh Circuit explained:

> In failure to protect cases, a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety. Mere negligence (for example if a prison guard should know of a risk but does not) is not enough to state a claim of deliberate indifference under the Eighth Amendment. It is also not sufficient to show that the prison guard merely failed to act reasonably.

*Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996) (internal quotation marks and citations omitted).

With regard to establishing the first component - substantial risk of serious harm - an inmate must allege that he was incarcerated under conditions posing a substantial risk of serious harm. *Hester v. Morgan*, 52 F. App'x 220, 222 (6th Cir. 2002). To do so, he must allege that "there was a substantial risk of serious harm to inmates generally, or to himself specifically." *Id.* at 223. Here, Plaintiff insinuates that he was attacked because he, a "county inmate," was wrongfully housed with a "violent state inmate." However, Plaintiff makes no allegation that there was any warning or threat of violence against him by this or any other state inmate or that he or other county inmates had been the subject of assaults by any state inmate in the past. Thus, because Plaintiff has failed to allege that a substantial risk of harm existed, he fails to state a claim upon which relief may be granted. *See, e.g.*, *Fanning v. Voyles*, No. 2:13-cv-02011-WMA-HGD, 2014 U.S. Dist. LEXIS 164376, at *11 (N.D. Ala. Oct. 9, 2014) (finding no substantial risk of harm to plaintiff existed where assaulting inmate had spat on and kicked another inmate several days prior to his attack on the plaintiff); *cf. Sousa v. Anglin*, 481 F. App'x 265, 267 (7th Cir. 2012) (finding that plaintiff had alleged that he was incarcerated under conditions posing a substantial risk of harm where his cellmate weighed 260 pounds, was known as a "barn boss," and had a history of attacks on at least five prior cellmates); *Greene v. Bowles*, 361 F.3d 290, 294-95 (6th Cir. 2004) (concluding that the plaintiff had satisfied the first element of a failure-to-protect claim by alleging that, as a transgendered inmate, she was vulnerable to assaults by other inmates and that the assaulting inmate had "a long institutional history of being a disruptive, violent inmate" and was "a maximum-security inmate").

In addition, even if Plaintiff could demonstrate that he was incarcerated under conditions imposing a substantial risk of harm, he has failed to allege any facts which demonstrate that any

9

DCDC Defendant knew of and disregarded that risk. Courts have generally held that unexpected incidents are insufficient to establish a claim for deliberate indifference. *See, e.g.*, *Parris v. N.Y. State Dep't Corr. Servs.*, 947 F. Supp. 2d 354, 363 (S.D.N.Y. 2013) ("Courts routinely deny deliberate indifference claims based on surprise attacks.") (citation omitted). Plaintiff does not allege that he complained to any prison official about any threat to his safety. Indeed, nothing in the complaint demonstrates that the assault was anything but an unexpected incident or gives any other indication that the DCDC Defendants knew of and disregarded a risk of harm to Plaintiff. Rather, Plaintiff's only allegation against any DCDC Defendant pertains to what happened after the attack, when Plaintiff alleges that Defendant Jones told him that there was not sufficient evidence to prosecute the other inmate for assault.

Moreover, to the extent that Plaintiff's claim is based upon the premise that he should not have been housed with a state inmate, the overwhelming weight of persuasive authority holds that unless the state has an intent to punish, or at least displays an indifference toward potential harm to an inmate, pretrial detainees have no due process right to be housed separately from sentenced inmates." *Burciaga v. Cty. of Lenawee*, 123 F. Supp. 2d 1076, 1078 (E.D. Mich. 2000). Plaintiff alleges no facts indicating that his housing assignment was made with an intent to punish him or with deliberate indifference to his safety.

Thus, the Court will dismiss Plaintiff's claims for deliberate indifference to his safety for failure to state a claim upon which relief may be granted.[2]

---

[2] Moreover, to the extent that Plaintiff sues Defendant Jones for his alleged failure to pursue criminal charges against the inmate who allegedly attacked him, Plaintiff fails to state a claim because, like any other private citizen, he "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 63 (1986).

### C. Defendant Inmate

Finally, the Court notes that Plaintiff has named Chauncey Martin, the inmate who allegedly attacked him, as a Defendant in this action. However, any constitutional claim against this inmate must be dismissed because, in general, "[a]n inmate is not considered a state actor or a person acting under the color of state law for purposes of stating a claim under § 1983." *Corhn v. Cty. of Bay*, No. 12-CV-13059, 2013 U.S. Dist. LEXIS 51004, at *7 (E.D. Mich. Jan. 8, 2013) (dismissing § 1983 claim against fellow inmate who physically assaulted the plaintiff ); *see also Lewis v. McClennan*, 7 F. App'x 373, 375 (6th Cir. 2001) (dismissing § 1983 claims against fellow inmates because the plaintiff had not alleged that they were operating as state actors at the time of the assault).

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the action by separate Order.

Date: November 8, 2018

*Joseph H. McKinley, Jr., Chief Judge*
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    Daviess County Attorney
4414.011